UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MILDRED DURONSLET                                               CIVIL ACTION

VERSUS                                                          NO. 05-0699

FAMILY DOLLAR STORES, INC., ET AL.                              SECTION: "A"(3)

### ORDER & REASONS

Before the Court is a **Partial Motion for New Trial (Rec. Doc. 118)** filed by the plaintiff and set for hearing on December 13, 2006, on the briefs.[1] Defendants oppose the motion. For the reasons that follow, the **Partial Motion for New Trial (Rec. Doc. 118)** is **GRANTED**.

### *Background*

A jury trial in this matter commenced on November 6, 2006. On November 8, 2006, the jury returned a verdict in favor of the plaintiff in the amount of $72,724. On November 27, 2006, plaintiff filed a Partial Motion for New Trial on the issues of past medical expenses, and past, present, and future pain and suffering.

### *Applicable Standard*

Under Federal Rule of Civil Procedure 59, "[A] new trial may be granted to all or any of the parties and on all or part of the issues in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the

---

[1] This Court has previously indicated it would grant this motion following a status conference on January 9, 2007.

courts of the United States." Fed. R. Civ. Proc. 59 (a).  A new trial may be granted, for example, if the district court finds the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course. *Beckham v. Louisiana Dock Company, L.L.C., et al.*, 124 Fed. Appx. 268 (5th Cir. 2005); *Smith v. Transworld Drilling Company*, 773 F.2d 610, 612 (5th Cir. 1985).  Further, "a motion under Rule 59 is an appropriate means to challenge the size of the verdict...[T]his is merely a special application of the general power of the trial court to set aside a verdict that is against the weight of the evidence."[2]  In making a determination that the verdict is against the weight of the evidence, the court weighs all the evidence and need not view it in the light most favorable to the nonmoving party. *Smith*, 773 F.2d 610, 613.  Finally, "It is a well-settled rule in this circuit that 'a verdict can be against the great weight of the evidence, and thus justify a new trial, even if there is substantial evidence to support it.'" *Peterson v. Wilson*, 141 F.3d 573 (5th Cir. 1998).

     At trial, both sides elicited expert medical testimony.  Plaintiff called Dr. Kenneth Vogel, a neurosurgeon, and Dr. L.S. Kewalramani, an orthopedist.  These doctors were her treating physicians during recovery.  Both doctors testified about possible causation, her injuries, and the treatment they provided.  Defendants called Dr. Robert Applebaum, also a neurosurgeon, who testified to the results of his independent medical examination which generally contradicted the plaintiff's medical testimony.  There was testimony and medical records presented at the trial which established that plaintiff underwent a cervical fusion surgery and corresponding rehabilitation program for a number of months.

---

[2] Wright & Miller, 11 Federal Prac. & Proc. Civ. 2d § 2807.

In addition to the medical testimony, each side called witnesses who were present at the time of the accident, including an assistant store manager, the store manager, the plaintiff herself, and family members of the plaintiff.

### *No Rational Connection*

After a review of the record, this Court finds that the jury's verdict was against the law and the evidence.  Specifically, this Court finds that there is "no rational connection between the evidence on damages and the verdict." *McNabola v. Chicago Transit Authority*, 10 F.3d 501 (7th Cir. 1993).

While the jury found the defendants to be 100% at fault, and found that plaintiff's injuries (which resulted in neck surgery) were causally related to the accident, it nevertheless only awarded half of the past medical expenses established at trial, $5,000 for future medical expenses, $5,000 for permanent disability, $5,000 for mental anguish, and awarded nothing for past, present, and future pain and suffering.

In an effort to assess the propriety of this damage award, the Court has surveyed similar cases for "rough guidance." *Sanford v. Kostmayer Construction Company*, 891 F. Supp. 1201 (E.D. La. 1995).  Following a review of other cases, the Court notes that past, present, and future pain and suffering damage awards range from $75,000 to 250,000 for similar injuries. *Id*; *Thibodeaux v. Wal-Mart Stores, Inc.*, 98-0556 (La. App. 1 Cir. 4/1/99); 729 So.2d 769; *Noel v. Wal-Mart Stores, Inc.*, 04-1113 (La. App. 3 Cir. 02/02/05); 894 So.2d 555; *Littleton v. Wal-Mart Stores, Inc*., 99-390(La. App. 3 Cir. 12/1/99); 747 So.2d 701; *Branch v. Wal-Mart Stores, Inc.*, 01-0988 (La. App. 5 Cir. 12/26/01); 806 So.2d 796; *Prestenback v. Schwegmann Giant Super.*,

96-793 (La. App. 5 Cir. 1/28/97); 688 So.2d 149.

Therefore, after reviewing the evidence established at trial, and surveying other similar cases, this Court finds that the verdict was against the law and evidence, and grants plaintiff's partial motion for new trial as to past medical expenses, and past, present, and future pain and suffering damages only.

### *Introduction of Testimony from 2000 Workers Compensation Proceeding*

Although plaintiff moves for a new trial on the basis of the introduction of prejudicial substantive evidence at trial in conflict with FRCP 26(b)(1) and 45(b)(1), this Court grants a new trial *solely* on the basis that the jury's award was against the law and the evidence and did not have a "rational connection between the evidence on damages and the verdict."[3]

Accordingly;

**IT IS ORDERED** that Plaintiff's **Partial Motion for New Trial (Rec. Doc. 118)** is **GRANTED**.

**IT IS FURTHER ORDERED** that counsel participate in a scheduling conference with the section A case manager.

New Orleans, Louisiana, Thursday, March 29, 2007.

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[3] Wright & Miller, 11 Federal Prac. & Proc. Civ. 2d § 2807*; McNabola*, 10 F.3d 501.